# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Custom Dynamics, LLC,<br><br>    Petitioner/Judgment Creditor,<br><br>v.<br><br>Michael Schultz d/b/a Everything L.E.D.- Harley,<br><br>    Respondent/Judgment Debtor. | No. 18-00011MC<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTICT JUDGE:

On October 18, 2019, Petitioner/Judgment Creditor Custom Dynamics, LLC ("Custom"), pursuant to Fed. R. Civ. P. 69 and A.R.S. § 29–655, filed a petition with the Court seeking a Charging Order against the interest of Respondent/Judgment Debtor Michael Schutz, d/b/a Everything L.E.D. – Harley ("Schultz") in the Arizona limited liability company registered as Everything LED Harley Davidson, L.L.C. ("Everything LED"), of which he is a member. (Doc. 21.)  On October 22, 2019, the Court referred the motion to undersigned United States Magistrate Judge (hereinafter "this Court"). (Doc. 26.)

The Court issued its Order to Show Cause directing that Schultz and Everything LED appear before the Court on November 13, 2019 at 1:30 PM before Magistrate Judge Michelle H. Burns, to show cause why the relief requested in the Petition should not be

granted, and on Friday, November 1, 2019 at 2:10 PM, the Petition and Order to Show Cause were served on Schultz and Everything LED. (Docs. 28, 30.)

The Court held the Order to Show Cause Hearing on November 13, 2019 and neither Schultz or any representative of Everything LED appeared.

BACKGROUND

On January 23, 2018, the U.S. District Court for the Eastern District of North Carolina awarded Custom a Judgment against Defendant/Judgment Debtor Michael Schultz, d/b/a Everything L.E.D. – Harley, in the amount of $72,624.00, which was registered in this District on February 22, 2018. (Doc. 1.)

As of October 16, 2019, the outstanding balance due on the underlying Judgment, together with post-judgment interest, is in the sum of $74,877.43.[1] Post-judgment interest will continue to accrue from that date at the rate of $3.62 per day. It is uncontested that Schultz has an interest in Everything LED.

Pursuant to Rule 69(a), Fed R. Civ. P., "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Pursuant to A.R.S. § 29-655(A):

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

A charging order is "[t]he exclusive remedy by which a judgment creditor of a member may satisfy a judgment out of the judgment debtor's interest in the limited liability

---

[1] Pursuant to 28 U.S.C. § 1961, $1,299.97 of interest accrued at 1.79% on the $72,624.00 principal for 365 days. Interest was compounded on 1/23/2019. $953.46 of interest accrued at 1.79% on the $73,923.97 principal for 263 days resulting in interest of $953.46, a principal of $73,923.97, and a total value of $74,877.43.

company." A.R.S. 655(C). Custom's proposed charging order (1) charges the interest of Michael Schutz in Everything LED with payment of the unsatisfied amount of the Judgment; (2) orders Everything LED to refrain from paying any monies or profits due to Michael Schultz until the judgment is satisfied in full; (3) directs Everything LED to pay to Custom any monies or profits due or to become due; and (4) orders Everything LED to respond to or answer all inquiries from Custom or its counsel with regard to the limited liability company and to allow Custom or its counsel complete access to the books and records of the limited liability company." (Doc. 21-1.)

This Court finds that Custom has established its right to the proposed charging order pursuant to the uncontested facts and authority cited. Wherefore,

**IT IS RECOMMENDED** that Movant's Petition for Writ of Execution in the Form of a Charging Order, (Doc. 21), be **GRANTED**, and that the Court enter the following Charging Order:

1. Custom is hereby granted an Order charging the interest of Michael Schutz in Everything LED Harley Davidson, L.L.C. with payment of the unsatisfied amount of the Judgment.

2. Everything LED Harley Davidson, L.L.C., and its members and managers therein, are ordered to refrain from paying any monies or profits due to Michael Schultz or his assignees until Custom's Judgment is satisfied in full.

3. Everything LED Harley Davidson, L.L.C., and its members and managers therein, are directed to pay to Custom any monies or profits due or to become due to Michael Schultz or his assignees. Payments are to be sent to Custom through their counsel of this record.

4. Everything LED Harley Davidson, L.L.C., and its members and managers therein, are further ordered to respond to or answer all inquiries from Custom or its counsel, with regard to the limited liability company and to allow Custom or its counsel complete access to the books and records of the limited liability company.

5. The Court having determined there is no just reason for delay, the Clerk is directed to enter this Order forthwith.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 14th day of November, 2019.

Honorable Michelle H. Burns
United States Magistrate Judge